**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Argued June 2, 2026
Decided June 11, 2026

**Before**

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

REBECCA TAIBLESON, *Circuit Judge*

No. 25-2605

ESTATE of TEION YASIN COOPER, through its Special Administrator Julius Andriusis, et al.,
*Plaintiffs-Appellants*,

*v.*

MILWAUKEE COUNTY, et al.,
*Defendants-Appellees*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 25-C-530

William C. Griesbach,
*Judge*.

## ORDER

A man fleeing a traffic stop led police on a high-speed chase through Milwaukee, Wisconsin, and collided with another car, killing the other driver—Teion Yasin Cooper—and injuring Cooper's daughter and fiancée. The family sued the officers who initiated the chase for violating the Fourteenth Amendment's guarantee of substantive due process. *See* 42 U.S.C. § 1983. The district court granted the defendants' motion for

judgment on the pleadings. *See* FED. R. CIV. P. 12(c). Because the plaintiffs have not stated a claim of a violation of substantive due process, we affirm.

**I**

On a motion for judgment on the pleadings, "[w]e view all facts and inferences in the light most favorable to the non-moving party"—here, the plaintiffs. *See Schimandle v. DeKalb Cnty. Sheriff's Off.*, 114 F.4th 648, 652 (7th Cir. 2024). Shortly after 6 p.m. on Tuesday, May 24, 2022, Milwaukee County Sheriff Deputies Thomas Durand and Leon Martin spotted a white Infiniti driven by Javon Alexander approach an intersection and move into the far right "distress" lane. When the light turned green, Alexander did not turn right and instead proceeded through the intersection and merged into traffic. Durand attempted to pull Alexander over, but Alexander fled, at one point reaching 100 miles per hour.

Martin and Durand chased Alexander through downtown Milwaukee—during evening rush hour—and raced through a school safety zone at 93 miles per hour. Nearly two-and-a-half minutes after the chase began, Durand lost control and crashed into a parked car. Alexander continued to flee, speeding through a stop sign and colliding with Cooper's vehicle. The accident killed Cooper and injured his minor daughter M.T. and his fiancée, Barbara Sharee Thomas.[1]

Cooper's estate, Thomas, and M.T. (through Thomas) brought this civil rights suit against Durand, Martin, and Milwaukee County. The plaintiffs alleged that the officers recklessly disregarded their rights to substantive due process under the Fourteenth Amendment and violated state law. The plaintiffs also asserted that Milwaukee County failed to adequately train and discipline its police officers. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978).

The defendants moved for judgment on the pleadings, and the district court granted the motion. The court, citing the proviso in *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998), that an officer violates substantive due process when his conduct is "arbitrary" or "conscience shocking," ruled that the plaintiffs had not

---

[1] Alexander later pleaded guilty to three counts of a hit and run involving death, great bodily harm, or injury under WIS. STAT. § 346.67(1), and was sentenced to 12 years' confinement and up to 8 years' extended supervision. *State v. Alexander*, No. 2022CF003599 (Milwaukee Cnty. Cir. Ct. Apr. 12, 2024).

plausibly alleged that the officers intended to cause harm or that their pursuit shocked the conscience. Alternatively, the court found that the deputies were entitled to qualified immunity. Left without an underlying constitutional violation, the court dismissed the *Monell* claim against the county and declined to exercise supplemental jurisdiction over the state-law claims.

**II**

On appeal, the plaintiffs dispute the district court's determination that they did not plausibly allege that Durand and Martin's actions shocked the conscience. They assert—for the first time—that the deputies intended to harm the fleeing suspect, Alexander, and lacked a legitimate law-enforcement objective when pursuing him. We evaluate a judgment on the pleadings as we would a dismissal under Fed. R. Civ. P. 12(b)(6). *See Schimandle*, 114 F.4th at 654.

We begin with a few preliminary words about substantive due process under the Fourteenth Amendment. The government may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Plaintiffs alleging a substantive due process violation arising from an emergency, high-speed police chase must demonstrate that the officers' conduct was "conscience shocking." *Lewis*, 523 U.S. at 846–47. In this context, police officers' actions shock the conscience only if they reflect a subjective intent to cause harm that is unrelated to a legitimate government interest. *Id.* at 836.[2] When officers confront an emergency, it is not enough to allege—as the plaintiffs did in the district court—that the defendants acted with deliberate indifference or reckless disregard. *See Lewis*, 523 U.S. at 851 (deliberate indifference standard applies "only when actual deliberation is practical"); *see also Flynn v. Consol. City of Indianapolis & Marion County*, 148 F.4th 565, 569 (7th Cir. 2025).

The plaintiffs have not alleged conduct that would shock the conscience. First, the complaint alleges only that the officers were deliberately indifferent, not that they had an intent to harm. *See Lewis*, 523 U.S. at 853–54 ("even precipitate recklessness" during an emergency, high-speed chase fails to result in due process liability). Moreover, nothing in the complaint otherwise suggests that the officers had "an improper or malicious motive." *Id.* at 855. On the contrary, the pursuit of a fleeing

---

[2] We assume without deciding that *Lewis* applies when the fleeing suspect—rather than police themselves—injures bystanders. *See Flynn v. Consol. City of Indianapolis & Marion County*, 148 F.4th 565, 568 (7th Cir. 2025).

suspect, even after a minor traffic infraction, is a legitimate government interest. *See Steen v. Myers*, 486 F.3d 1017, 1023 (7th Cir. 2007). The officers' decision to speed through a residential neighborhood in pursuit of a suspect does not, on its own, allow the court to infer an illegitimate motive. *See Lewis*, 523 U.S. at 855 (considering 100-mile-per-hour chase in residential neighborhood). And the officers' alleged "failure to comply with departmental policy does not implicate the Constitutional protections of the Fourteenth Amendment." *Steen*, 486 F.3d at 1023.

To bolster their complaint, the plaintiffs ask us to consider new factual allegations on appeal. Citing a Ninth Circuit decision that addresses the pleading burden for conscience-shocking conduct, the plaintiffs now propose that the officers pursued Alexander "to cause harm, … to teach [him] a lesson, or to get even" because he is African American and has a long history of traffic infractions. *Est. of Soakai v. Abdelaziz*, 137 F.4th 969, 977 (9th Cir. 2025), *cert. denied*, No. 25-427, 2026 WL 568296 (U.S. Mar. 2, 2026) (listing illegitimate motives). Although the plaintiffs' original complaint alleged that Alexander was African American and referenced broader racial tensions between the Milwaukee police and African American men, they did not tie Alexander's race to the deputies' intent or mental state. The defendants thus counter that the plaintiffs may not amend their complaint on appeal. *See, e.g.*, *Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005) (new claims or causes of action may not be added on appeal). By not filing a reply brief, the plaintiffs waived any counterargument. *See Webb v. Frawley*, 906 F.3d 569, 581–82 (7th Cir. 2018). Accordingly, we disregard the belated allegations and do not consider whether they would be sufficient to state a claim.

Because the plaintiffs have not stated a claim regarding the deputies, we need not reach their arguments regarding qualified immunity or the county's liability under *Monell*. *See Flynn*, 148 F.4th at 570.

AFFIRMED